# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DICKIE CRAWLEY,
Petitioner,

vs.

WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:11-cv-145

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's motion to dismiss (Doc. 8), and petitioner's reply. (Doc. 9).

## I. PROCEDURAL HISTORY

### State Trial Court Proceedings

On February 22, 2006, petitioner was indicted by the Hamilton County, Ohio grand jury on one count of aggravated robbery and one count of robbery, in violation of Ohio Rev. Code §§ 2911.01(A)(1) and 2911.02(A)(2), respectfully. (Doc. 8, Ex. 1). On March 3, 2006, petitioner entered a plea of not guilty to all charges (Doc. 8, Ex. 2), before withdrawing the plea and pleading guilty to the robbery charge. (Doc. 8, Ex. 5). On August 24, 2006, the trial court accepted the plea and dismissed the count of aggravated robbery. (Doc. 8, Ex. 6).

Prior to sentencing, petitioner and the state agreed to a sentence whereby petitioner would serve three years of community control. (Doc. 8, Ex. 7). The agreement indicated that if defendant violated the community control sanctions, violated the law, or left the state without

permission that the trial court could impose an eight-year prison term. *Id.* at 2. The trial court sentenced petitioner according to the agreement on September 15, 2006. (Doc. 8, Ex. 8).

On December 27, 2007, the trial court was notified that petitioner violated the terms of his probation by testing positive for cocaine and alcohol on several occasions. (Doc. 8, Ex. 9). Petitioner also reportedly refused to provide a urine sample on two occasions and failed to pay the assessed court costs. *Id.* On January 7, 2008, the trial court terminated the community control sanctions and imposed the eight-year prison sentence. (Doc. 8, Ex. 10).

**Delayed Appeal**

On February 6, 2009, petitioner filed a pro se motion for leave to file a delayed appeal to the Ohio Court of Appeals. (Doc. 8, Ex. 12). Petitioner argued that he was denied due process of law during his probation revocation hearing because his probation officer was not present and he did not have the opportunity to confront and cross-examine him. *Id.* at 4. According to petitioner, no direct evidence was offered at the hearing and the "prosecution merely introduced into evidence the probation violation notice, the non-compliance summary prepared by the probation officer, and a copy of the plea agreement." *Id.* at 5. Petitioner argued that he should have been granted leave to file a delayed appeal because he "could not afford to hire an attorney to file an appeal immediately after the judgment entry revoking his community control and imposing sentence." *Id.* at 3. Petitioner also argued that the trial court failed to appoint him counsel for appeal and failed to inform him of his right to appeal and of any applicable time limitations. *Id.* Finally, he noted that after his family hired an attorney, that the attorney filed a motion to reconsider instead of an appeal and failed to protect his appellate rights. *Id.* at 4, Affidavit, p. 3.

On February 26, 2009, the Ohio Court of Appeals overruled petitioner's motion, finding that petitioner "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 8, Ex. 13).

**Ohio Supreme Court**

On April 8, 2009, petitioner filed a pro se appeal to the Ohio Supreme Court. (Doc. 8, Ex. 14). In his memorandum in support of jurisdiction petitioner presented two propositions of law:

> Proposition of Law No. 1: Fundamental due process right to confront and cross-examine adverse witnesses during community control revocation hearing is mandatory
>
> Proposition of Law No. 2: Fundamental right to have effective assistance of counsel during revocation hearing is mandatory

*Id.* On July 29, 2009, the Ohio Supreme Court declined jurisdiction and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 16). Petitioner filed a motion for reconsideration on August 6, 2009, which was denied on September 16, 2009. (Doc. 8, Ex. 17 & 18).

**United States Supreme Court**

On September 25, 2009, petitioner filed a petition for a writ of certiorari in the Supreme Court of the United States. (*See* Doc. 8, Ex. 19). The Supreme Court denied petitioner's petition on April 5, 2010. (Doc. 8, Ex. 20).

**Motion to Reconsider Judgment, Motion for Relief from Judgment, and Motion to Vacate**

Meanwhile, through counsel, petitioner filed a motion to reconsider the judgment revoking community control and imposing sentence on February 5, 2008. (Doc. 8, Ex. 21). On December 20, 2010, the trial court overruled petitioner's motion. (Doc. 8, Ex. 22). Acting pro

se, petitioner filed a notice of appeal with the Ohio Court of Appeals on January 25, 2011. (Doc. 8, Ex. 23). On February 1, 2011, the Ohio appellate court dismissed the appeal as not being timely filed and because the appeal was not taken from a final appealable order. (Doc. 8, Ex. 24).

On April 1, 2011, petitioner also filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5) and a motion to vacate and void sentence pursuant to Ohio Rev. Code 2951.08(B) with the trial court. (Doc. 8, Ex. 25 & 26). On July 21, 2011, the trial court dismissed both motions.[1]

**Federal Habeas Corpus**

On March 4, 2011, petitioner commenced the instant habeas corpus action.[2] (Doc. 1). Petitioner raises the following ground for relief:

> Petitioner was deprived of his U.S. Fourteenth & Sixth Amendment minimum rights to Due Process during the revocation of his probation/community control.

*Id.* at 6. Petitioner contends that he was never afforded disclosure of the evidence against him and was deprived of his rights to present witnesses and documentary evidence, to confront and cross-examine adverse witnesses, and to receive a written statement by the fact finder as to the evidence relied on and reasons for revoking his community control. *Id.*, Attachments A & B. Although petitioner only lists one ground for relief in his habeas petition, in an attachment he also appears to raise an ineffective assistance of counsel claim. *Id.*, Attachment C. Petitioner argues that his counsel failed to advise him of his appellate rights, to object to the absence of his

---

[1] Found at www.courtclerk.org/case.asp, under Case No. B 0601369.

[2] The petition was stamped as "filed" with the Court on March 9, 2011. (Doc. 3, p. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on March 4, 2011. (*See* Doc. 1, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 4, 2011.

probation officers at the hearing, and "to protect petitioner's due process to a final revocation hearing." *Id.*

Respondent has filed a motion to dismiss the petition, arguing that the claims raised are barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (Doc. 8). In response, petitioner contends that his petition is not time-barred and, in the alternative, that he is entitled to equitable tolling. (Doc. 9).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In *Linscott v. Rose*, 436 F.3d 465 (6th Cir. 2006), the Sixth Circuit held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final." *Linscott*, 436 F.3d at 591. As in this case, the petitioner in *Linscott* was resentenced after violating the terms of his community control and alleged constitutional violations during resentencing. *See id.* at 589-91; *see also Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (noting that the *Linscott* holding "expressly restricts itself to petitioners that challenge the resentencing decision itself"). Therefore, in this case, the 30-day period for filing an appeal of right from the trial court's January 7, 2008 parole revocation hearing and resentencing expired on February 6, 2008. *See* Ohio R. App. P. 4(A). The statute then commenced running on February 7, 2008, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on February 7, 2009. Petitioner's habeas corpus petition was filed on March 4, 2011, over two years after the statute of limitations expired. (Doc. 1). Therefore, unless the limitations period is tolled by statute or otherwise, the petition is time-barred.[3]

During the one-year limitations period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-

[3] Petitioner contends that the statutory framework "provides that AEDPA statute of [limitations] expires 1 year after the denial of certiorari." (Doc. 9, pp. 4-5). Petitioner argues that because the United States Supreme Court denied his petition for a writ of certiorari in April of 2010, that he had until April 4, 2011 to file his habeas petition. *Id.* at 8. However, in *Gonzalez v. Thaler*, the United State Supreme Court recently specified that § 2244(d)(1)(A) consists of two prongs, each relating to a distinct category of petitioners. *Gonzalez v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 654 (2012). "For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review' . . . . For all other petitioners, judgment becomes final at the 'expiration of the time for seeking such review'- when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id.* at 653-54. As noted above, petitioner did not file a direct appeal of right to the Ohio Court of Appeals from the trial court's January 7, 2008 parole revocation hearing and resentencing. Therefore, petitioner's conviction became final at the "expiration of the time for seeking such review," on February 6, 2008, upon the expiration of the 30-day period for filing an appeal as of right to the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A).

conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S.__, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, petitioner's delayed appeal was received by the Ohio Court of Appeals on February 6, 2009, the last day of the limitations period. (Doc. 8, Ex. 11). However, petitioner contends that he placed his motion for leave to filed a delayed appeal in the prison's mail system on February 3, 2009, arguing that under *Houston v. Lack*, 487 U.S. 266, 276 (1988), his appeal is considered filed on that date. (Doc. 9, p. 4). Petitioner acknowledges that there is no prison mailbox rule in Ohio, but argues that "Ohio's rejection of the mailbox rule does not pre[c]lude it[s] application by a federal court in tolling [the] federal statute of limitations." *Id*.

Even assuming, without deciding, that petitioner's delayed appeal was filed on February 3, 2009, three days prior to the expiration of the statute of limitations, petitioner's habeas petition was not timely. At the very latest, the limitations period was tolled from February 3, 2009, until September 16, 2009, when the Ohio Supreme Court denied his motion to reconsider. *See Garner v. Gansheimer*, No. 1:09-cv-874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010) (noting that there is "some uncertainty as to whether a motion for reconsideration tolls the AEDPA statute of limitations," considering a motion for reconsideration filed in the Ohio Court of Appeals); *see also Sells v. Wolfe,* 77 F. App'x. 299, 301 (6th Cir. 2003) (tolling the statute of limitations during the pendency of the petitioner's motion for reconsideration in the Supreme Court of Ohio). *Cf.*

*Draughton v. DeWitt*, No. C2-00-798, 2001 WL 840312, at *1 (S.D. Ohio July 11, 2001) (not tolling the limitations period during the time a motion for reconsideration was pending in the court of appeals). Because the tolling provision does not operate to re-start the limitations period, the statute recommenced running on September 17, 2009 and expired three days later, on Monday, September 21, 2009. Accordingly, petitioner's March 4, 2011 habeas petition was filed long after the expiration of the limitations period and is time-barred unless petitioner is entitled to equitable tolling.[4]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented

[4] Although petitioner has not argued that he is entitled to statutory tolling based on his motion to reconsider filed in the trial court, which remained pending from February 5, 2008 until December 20, 2010, the Court is of the opinion that the limitations period was not tolled during this time. The Sixth Circuit has held that "[i]n order for tolling to apply, the state actions must have been filed in the proper court in a timely fashion. Attempts to seek relief through avenues that are not available do not meet that requirement." *Williams v. Brigano*, No. 99-3913, 2000 WL 1871682, at*2 (6th Cir. Dec. 11, 2000) (internal citations omitted) (noting that "[n]one of the state proceedings were an application for state post-conviction relief recognized as such under governing state procedures"). Under Ohio law, "a trial court has no jurisdiction to reconsider a final judgment entered in a criminal case," *State v. Weaver*, No. C-050923, 2006 WL 2788246, at*2 (Ohio App. 1 Dist. Sept. 29, 2006), and there do not appear to be any state procedures governing motions to reconsider filed in a trial court. *See State v. Vanelli*, No. 02CA0066, 2003 WL 21222170, at *2 (Ohio App. 9 Dist. May 28, 2001) ("It is axiomatic that there is no rule that allows a party to move a trial court for reconsideration of a final judgment. A motion for reconsideration of a final judgment is a nullity . . . and any order granting such a motion is likewise a nullity.") (internal citations and quotation marks omitted). Accordingly, the Court finds that the limitations period should not be tolled during the pendency of his motion for reconsideration in the trial court. *Cf. George v. Gansheimer*, No. 1:08-cv-2228, 2010 WL 175 2000, at *6 (N.D. Ohio, Mar. 24 2010) (finding that a motion to reconsider sentence does not qualify as collateral review under 28 U.S.C. § 2244(d)(2)); *Hizbullahankhamon v. Walker*, 255 F.3d 65, 72 (2nd Cir. 2001) (" [T]olling the limitations period during the pendency of [appeals unavailable under state law] would unjustifiably frustrate the purposes underlying Congress's enactment of AEDPA's one-year statute of limitations.").

timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied*, 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* __ F. App'x __, No. 10-1379, 2012 WL 48186, at *2 n.1 (6th Cir. Jan. 9, 2012).

Petitioner contends that he is entitled to equitable tolling. First, petitioner argues that he is entitled to equitable tolling because prison officials caused the delay in filing his motion for delayed appeal with the Court of Appeals. (Doc. 9, p. 6). As noted previously, petitioner avers that he placed his delayed appeal in the prison mail system on February 3, 2009. However, as the court has already discussed, petitioner's delayed appeal did not serve to restart the statute of limitations and the three day difference would not alter the outcome of the preceding analysis. *See supra* pp. 7-8.

Second, petitioner argues that he is entitled to equitable tolling based on the "actions and omissions of his attorneys." *Id.* Petitioner contends that neither his court-appointed attorney during his parole revocation hearing nor his hired attorney protected his appellate rights. *Id.* Petitioner directs the Court to consider the arguments presented in his motion for delayed appeal, where he argued that his appeal was untimely because he was unable to hire an attorney in time to file a timely appeal, that an attorney was not appointed for him, and that the trial court did not inform him that he had a right to appeal. (*See* Doc. 8, Ex. 12, pp. 3-4). Furthermore, petitioner

attached a letter from his attorney, which indicated that "[w]e will try to appeal your decision if at all possible." (Doc. 8, Ex. 12, p. 10). Petitioner argued that he placed his confidence in his attorney to protect his appellate rights, but that his attorney never filed an appeal. *Id.* at 4.

None of petitioner's arguments demonstrate that an extraordinary circumstance prevented him from filing a timely habeas petition. First, the record belies many of petitioner's claims. Pursuant to Ohio R. App. P. 4(A), petitioner had until February 6, 2008 to file an appeal of right to the Ohio Court of Appeals. Though petitioner claims he was unable to hire an attorney in time to submit a timely appeal, the record demonstrates not only that petitioner obtained counsel prior to that date, but that his counsel submitted a motion for reconsideration on his behalf on February 5, 2008. (Doc. 8, Ex. 21). The transcript of his revocation hearing also clearly indicates that petitioner was advised of both his right to appeal and that counsel would be provided if he could not afford an attorney on appeal.[5] (Doc. 8, Transcript, p. 10).

Finally, even accepting petitioner's claim that he justifiably relied on his attorney to file an appeal on his behalf,[6] petitioner has failed to demonstrate that he diligently pursued his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state

[5] During the revocation hearing the judge advised petitioner as follows: "Finally, I need to advise you you have the right to appeal. If you are unable to pay the cost of an appeal, you have the right to appeal without payment. If you are unable to obtain counsel for an appeal, counsel will be appointed without cost." (Doc. 8, Transcript, p. 10).

[6] The Court notes that petitioner has not explained why he waited nearly ten months to file a delayed appeal following his attorney's April 3, 2008 letter. (Doc. 8, Ex. 12, p. 10). *See Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (denying equitable tolling based, in part, on the petitioner's failure to monitor the status of his appeal). Petitioner also offers no explanation for why he waited approximately eleven months after his petition for a writ of certiorari was denied before filing his habeas petition. *See Colbert v. Tambi*, 513 F.Supp.2d 927, 936 (S.D. Ohio 2007) (finding equitable tolling inappropriate where petitioner failed to explain an eleven month delay following the denial of his delayed appeal).

court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner's delayed appeal was denied on February 26, 2009. Petitioner did not file his habeas petition until March 4, 2011, approximately two years later. Although petitioner claims that he was never informed of the AEDPA limitations period, it is well-settled that petitioner's pro se status or ignorance of the law is not a sufficient basis upon which to grant equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Petitioner has therefore failed to demonstrate that he was diligent in pursuing his rights and is not entitled to equitable tolling.

Accordingly, in sum, the undersigned concludes that the instant petition, is time-barred. Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed long after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred ground for relief. *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DICKIE CRAWLEY,
Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:11-cv-145

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).